### Forest City Ins. Co. v. Laura Eaton, Adm'x, etc.

1. INSURANCE—*Change of Title by Death Does Not Work a Forfeiture of the Policy.*—The death of the assured before loss does not work a forfeiture of a fire insurance policy under a condition that it shall be void if any change takes place in the title or possession of the property insured.

Assumpsit.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

CONKLING & GROUT, attorneys for appellant.

McGUIRE & SALZENSTEIN, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This is an appeal to reverse a judgment of the Circuit Court of Sangamon County, rendered in an action of assumpsit by the appellee as administratrix of the estate of Henry Bumhoff, deceased, against the appellant. The declaration counted upon a policy of insurance issued to appellee's decedent on January 18, 1894, by appellant, in which said decedent was indemnified against loss by fire on certain property, among which was $300 on a frame barn, the policy to expire January 8, 1899. The policy was set out in full, and among other things provides that appellant

." does insure Henry Bumhoff against loss or damage by fire
* * * and the said company hereby agrees to make
good unto the said assured, his executors, administrators
and assigns, all such immediate loss or damages, not exceed-
ing in amount the sum or sums insured, as above itemized,
nor the interest of the assured in the property, as shall hap-
pen by fire." It there provides that " if, without the con-
sent of the secretary of this company indorsed hereon,
* * * any change takes place in the title, possession,
or interest of the accused in the above mentioned prop-
erty, or if the assured shall not be the sole and uncondi-
tional owner of said property, both at law and equity, or if
this policy shall be assigned, then in each and every such
case this policy shall be void."

The declaration averred that Henry Bumhoff was the
owner of the property described in the policy when the
policy was issued, and continued to be such owner until he
died, when the appellee was duly appointed the administra-
trix of his estate in the manner provided by law, and is act-
ing as such; that on January 22, 1897, after the death of said
Henry Bumhoff, the said barn was totally destroyed by fire,
notice of which was given by appellee to appellant on Janu-
ary 23, 1897; that Henry Bumhoff in his lifetime, and
appellee and his heirs at law since his death, have in all
respects kept and performed the conditions contained in the
policy to be by him or them kept and performed; and that
proofs of loss were furnished by appellee to appellants, as
provided in said policy, whereby the appellant became
liable to pay said sum of $300 to appellee, and for which
she sued, etc. The appellant demurred to the declaration,
and the court overruled it, and upon the appellant electing
to stand by its demurrer the court gave judgment for the
appellee against the appellant for $300 and costs, to
reverse which this appeal is prosecuted.

In their brief filed in this court, at page 3, counsel for
appellant say, " No questions are raised under the pleadings
on proofs of loss or any technical breaches of the conditions
of the policy; but the company denies the right of the ad-.

ministratrix, as such, to recover under the terms of the policy, claiming that by the death of Henry Bumhoff such a change took place in the title, possession or interest of the assured, Henry Bumhoff, in the above mentioned property, as rendered the policy void."

The policy of insurance in question in this case is exactly like the one involved in the case of Forest City Insurance Co. v. James Hardesty, Adm'r, 182 Ill. 39; the liability of the company in that case was upon a similar state of facts as those in the case at bar, and the court held the company was liable; so we must hold that the ruling in that case controls here, and compels us to affirm the judgment of the Circuit Court in this case.  Judgment affirmed.